### EMMA ARSENEAU v. JOHN C. SWEET.[1]

December 24, 1908.

Nos. 15,802—(101).

**Automobile—Negligence and Contributory Negligence.**
> Respondent was struck by appellant's automobile while she was about to board a street car in a public street. *Held*, the question of respondent's contributory negligence and appellant's negligence were questions of fact for the consideration of the jury.

**Verdict not Excessive.**
> The verdict is not excessive.

Action in the municipal court of Minneapolis to recover $500 for personal injuries. The street at the place of the accident was eighteen feet wide from the outside rail of the track to the curb. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $225. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. J. Bartleson,* for appellant.
*Willoughby M. Babcock,* for respondent.

LEWIS, J.

Respondent recovered a verdict in the court below for $225 for injuries which she claimed to have sustained in being struck by an automobile, driven by appellant, while she was in the act of boarding a street car in the city of Minneapolis. Appeal was taken from an order denying appellant's motion for judgment notwithstanding the verdict.

[1] Reported in 119 N. W. 46.

106 M.—17

According to respondent's testimony, she was standing on the curb on Central avenue, near the intersection of Second street, waiting for the car going toward the city. She saw the car coming down Central avenue, stepped into the street, and was within two or three feet of the street car track, and about the middle of the car, facing it, when it stopped. She turned towards the gates a step or two, when the automobile struck her, and in order to save herself from falling she threw herself on the machine, and held onto it, and was carried a short distance. She did not see the automobile, and did not hear any horn or signal. Respondent is corroborated by several witnesses upon many of the important features of her testimony. All agree she was standing within three or four feet of the car tracks when the automobile hit her, and that the space between the curb and the point where she was standing, a distance of about fourteen feet, was unobstructed; that four or five other persons left the curb at about the same time for the purpose of taking the car; and that respondent was the last in line. Several witnesses testified that the automobile was driven rapidly until it approached the crossing, when it slowed down, and that it collided with respondent just as she turned towards the gates of the car, within three or four feet from the track.

Appellant testified, and he was corroborated by a man who was riding with him, that upon reaching the Second street crossing, he slackened his speed to two or three miles an hour; that he saw the street car, which he said was running along about parallel to him; that as he passed over Second street he saw a group of people going from the curb towards the car tracks; that he turned his machine a little bit towards the curb, so that the nearest wheel was within four or five feet of it; that he was far enough away from the car tracks to permit the party to pass between the machine and the car tracks, but that as he got close to them respondent, having lagged behind the others, did not keep straight ahead, but turned towards the automobile; that he immediately applied both brakes, but struck her while running very slowly; and that the machine came to a stop at a point probably one or two feet beyond where the collision occurred. Appellant testified that he sounded the horn, and when he became aware that a collision would probably occur, he adopted the quickest and safest method of avoiding it, viz., by using the brakes and stopping the car.

Respondent was in lawful possession of the street. She had a right to walk out from the curb to the car tracks, in anticipation of the approaching car, and, if she took a position in the street within three or four feet of the car tracks with the intention of boarding the approaching car, she was not required absolutely to keep a lookout for vehicles at that point. The law governing the conduct of foot passengers and vehicles in the public streets is well settled. Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Thies v. Thomas (Sup.) 77 N. Y. Supp. 276; Huddy, Laws of Automobiles, p. 58. Respondent had no exclusive right to the street for the purpose of boarding a street car. She was not entitled to take a position even three or four feet from the car tracks and remain oblivious to her surroundings. But she was not guilty of contributory negligence simply because she did not look and did not see or hear the approaching machine. Her attention was naturally concentrated on the street car, and she was entitled to assume that others would exercise due care with reference to her position. The jury accepted her explanation of the occurrence, and whether she was exercising due care under the circumstances was a question of fact.

As to the conduct of appellant in driving his automobile, we are also compelled to accept the version of respondent and her witnesses. According to their testimony, his machine collided with respondent while she was within three or four feet of the approaching street car. If this was the fact, then he might have avoided a collision by turning towards the curb. That he slackened the speed of his machine to two miles an hour is not a complete defense. The question is, did he exercise ordinary care in avoiding a collision? According to respondent's theory of the facts, appellant might have avoided it by turning out of the way, or stopping in time. His conduct must be measured by the usual standard: Could he have avoided the collision by the exercise of ordinary care? The jury decided that he could, and the contrary does not conclusively appear from the evidence.

The amount of damages would seem to be ample, but it is not so high as to justify this court in holding that it is excessive.

Affirmed.

JAGGARD and ELLIOTT, JJ. We dissent.