# WILLIAM LIEBRECHT v. WILLIAM R. CRANDALL.[1]

April 22, 1910.

Nos. 16,546—(78).

**Negligence — Question of Fact.**

Defendant was driving his automobile on one of the principal streets of Mankato, following a street car, at the rate of about twenty miles an hour, and ran into and severely injured plaintiff, as he stepped from the car, which had stopped at the street crossing to permit him to alight. *Held*, that the evidence of defendant's negligence presented a question of fact.

**Contributory Negligence — Submission to Jury.**

Though plaintiff did not, at the time or before he stepped to the street from the car, look in the direction from which the automobile was approaching, he was not, as a matter of law, guilty of contributory negligence. The question was properly submitted to the jury.

Action in the district court for Blue Earth county to recover $5,000 damages for personal injuries sustained by defendant driving his automobile upon plaintiff as the latter was alighting from a street car on a certain street crossing. In his answer defendant denied that plaintiff alighted · at the place alleged, and that defendant negligently or wantonly struck plaintiff, and alleged that plaintiff negligently alighted from a street car traveling in the same direction as defendant in his automobile while the street car was traveling at its customary speed, and not at any place where passengers were supposed to or did alight from said car, and carelessly and without using his eyes or ears to ascertain the presence of danger, alighted from said car immediately in front of defendant's vehicle and so close thereto that it was impossible to avoid colliding with him. The

[1] Reported in 126 N. W. 69.

---

[Note]   The law governing automobiles, see note to Christy v. Elliott (Ill.) 1 L.R.A.(N.S.) 215; note to Hennessy v. Taylor (Mass.) 3 L.R.A.(N.S.) 345; and note to McIntyre v. Orner (Ind.) 4 L.R.A.(N.S.) 1130.

reply was a general denial. The case was tried before Pfau, J., and a jury which returned a verdict in favor of plaintiff for $300. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*A. R. Pfau, Jr., W. A. Plymat,* and *C. J. Laurisch,* for appellant.
*Chris Carlson* and *Dunn & Carlson,* for respondent.

BROWN, J.

This action was brought to recover for personal injuries alleged to have been received by plaintiff by reason of the negligence of defendant in the operation of his automobile. Plaintiff had a verdict. Defendant moved for judgment notwithstanding the same, which was denied. Judgment was thereafter entered for plaintiff upon the verdict, and defendant appealed.

Defendant contends that the evidence is insufficient to sustain the allegation of negligence relied upon by plaintiff; that the evidence is conclusive of plaintiff's contributory negligence; and that, therefore, defendant's motion for judgment notwithstanding the verdict should have been granted. This presents the only question in the case, and we are unable to adopt the view of defendant.

It appears that plaintiff had taken passage on one of the street cars operated on the principal street of Mankato, and as it approached Spring street, the point at which he intended to leave the car, he signaled for it to stop. The car came to a stop at the usual place, and plaintiff alighted. As he did so, and before he had fully landed in the street, with one foot on the ground and the other on the car step, he was struck by defendant's automobile, which was following the car and driven recklessly at the rate of about twenty miles an hour, and severely injured. The accident occurred at nine o'clock at night on June 16, and the evidence supports plaintiff's contention—at least, it was sufficient to take the case to the jury—that defendant was operating his automobile recklessly, at a rate of speed prohibited by the city ordinance, and wholly unmindful of the rights of pedestrians upon, or likely to be upon, the streets. This particular street was one of the main thoroughfares of the city, and much frequented, and the claim that an automobile operator is not

chargeable with negligence in driving his car thereon at a rate of twenty miles an hour, either in the night or day time, finds no substantial support in the law of negligence.

In the case at bar, defendant knew that the street car was preceding him, and he was bound to take notice of the fact that passengers thereon would be likely to leave the car at intersecting street crossings, and it was an act of extreme recklessness to approach it, in the manner stated, the moment it stopped to permit passengers to alight.

There can be no question of the right of automobile owners to occupy and use the public streets of cities, or highways in the rural districts; yet they have no exclusive right, and are under legal obligation to operate their machines in a manner commensurate with the dangers incident thereto, and with a due regard to the rights and safety of the general public. We find no difficulty, on the evidence, in supporting the verdict of the jury in this respect. Arseneau v. Sweet, 106 Minn. 257, 119 N. W. 46; Brewster v. Barker, 129 App. Div. 724, 113 N. Y. Supp. 1026.

Nor was plaintiff's contributory negligence shown as a matter of law. While it is true that he did not, as he stepped from the car, look in the direction from which the automobile was approaching, following the car, this alone is not sufficient to charge him, as a matter of law, with contributory negligence. His attention at the moment was directed toward alighting from the car in safety, and he was not required to anticipate the negligence of defendant in driving his automobile at a reckless rate of speed upon him. Undhejem v. Hastings, 38 Minn. 485, 38 N. W. 488; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Arseneau v. Sweet, supra; Gerhard v. Ford, 155 Mich. 618, 119 N. W. 904, 20 L.R.A.(N.S.) 232, and cases cited in note. The question was properly submitted to the jury.

Judgment affirmed.