# Lewis, Appellant, *v.* Wood.

*Negligence — Automobiles — Trolley cars — Failure to stop on meeting car—Acts of April 27, 1909, P. L. 265, and June 1, 1911, P. L. 545—Contributory negligence—Case for jury.*

In an action to recover damages for injuries sustained by plaintiff in consequence of being struck by defendant's automobile after alighting from a street car where the defendant's negligence in failing to stop while the car was discharging passengers as required by the Act of April 27, 1909, P. L. 265, as amended by the Act of June 1, 1911, P. L. 545, was conceded, the question of plaintiff's contributory negligence should have been submitted to the jury, there being evidence that the automobile was between 100 and 200 feet distant when plaintiff first saw it from the platform of the trolley car, and that it was 30 feet away when he alighted; the fact that he was looking to the rear of the car when he was struck although he knew of the approach of the automobile would not necessarily convict plaintiff of negligence as he was justified in assuming that the automobile would be stopped as required by the statute until he had safely reached the side of the street.

Argued Oct. 21, 1914. Appeal, No. 182, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2337, refusing to take off compulsory nonsuit in case of Edward G. Lewis v. C. H. Wood. Before

FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCH-
ZISKER, JJ.  Reversed.

Trespass to recover damages for personal injuries.
Before FRAZER, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which
the court in banc subsequently refused to take off.
Plaintiff appealed.

*Error assigned* was in refusing to take off the non-
suit.

*Rody P. Marshall,* with him *Meredith R. Marshall,*
for appellant.

*F. C. McGirr,* with him *W. A. Blakeley,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 11,
1915:

This is an action of trespass to recover damages for
injuries sustained by the plaintiff by being struck by
the defendant's automobile as he was alighting from a
street car at Red Raven, Allegheny County.  The
learned court below necessarily conceded the negligence
of the defendant, but held that the plaintiff was guilty
of contributory negligence and entered a nonsuit which
it subsequently refused to take off.  The plaintiff has
appealed.

The legislature recognizing the danger to persons
using the highways of the State by reckless and incom-
petent chauffeurs operating automobiles has attempted
to protect the people against such danger by appropri-
ate legislation.  The necessity for these enactments ap-
pears by the preamble to the Act of April 23, 1903, P.
L. 268, which declares that it is of the utmost impor-
tance to the rights of the people of this Commonwealth
that the public highways of the cities, boroughs, coun-

ties and townships of the Commonwealth should be. as free as practicable from the reckless use of dangerous motor-vehicles. This statute was followed by the Act of April 19, 1905, P. L. 217, which was repealed and supplied by the Act of April 27, 1909, P. L. 265. This act, amended by the Act of June 1, 1911, P. L. 545, was intended to be and is a complete and comprehensive system regulating the use of motor vehicles on the public highways of the Commonwealth. It declares what rights on the highways of the State the operator of the vehicle shall have and regulates the speed of the machine. It requires that such vehicles shall be registered, shall be provided with brakes and signal devices, shall carry numbered tags and lights which shall be displayed, and provides a penalty of not less than ten dollars nor more than twenty-five dollars for a violation of any of the provisions of the act, and declares the conviction for a second offense to be a misdemeanor punishable by a fine or imprisonment. The fourteenth section of the Act of April 27, 1909, P. L. 265, provides, inter alia, as follows: "No person shall operate a motor-vehicle on the public highways of this State recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger property or the life or limb of any person; ......When a motor-vehicle meets or overtakes a street passenger car which has stopped for the purpose of taking on or discharging passengers, the motor-vehicle shall not pass said car, on the side on which passengers get on or off, until the car has started and any passengers who have alighted shall have gotten safely to the side of the road."

Edward G. Lewis, the plaintiff, was about sixty years of age at the time of the accident, and his hearing was defective. On the afternoon of June 1, 1912, he boarded a trolley car at Tarentum to go to Red Raven, Allegheny County. When the car stopped at Red Raven for the purpose of taking on and discharging passengers,

the plaintiff proceeded to leave it by the front door, ahead of the other passengers. While he was alighting or after he had alighted from the car and was crossing the street to the sidewalk he was struck by an automobile driven by the defendant and was seriously injured. The machine came from the opposite direction to that in which the street car was going, and was running from eighteen to thirty-five miles an hour. It will be observed that the defendant in violation of the statute passed the street car after it had stopped and on the side on which passengers were getting off. It is clear, therefore, that the defendant was guilty of negligence which resulted in the plaintiff's injuries. Aside from the act of assembly, it was a reckless and negligent act of the defendant in driving his machine at such speed and so close to the street car when the passengers were alighting and would necessarily proceed to cross the street to the sidewalk. His conduct was clearly a violation of duty which made him responsible for any resultant injury. He not only disregarded a plain duty which he owed to the twelve or fifteen passengers alighting from the street car, but violated the positive command of a statute which required him not to pass the street car while it was at rest. He, therefore, not only failed to observe a plain duty imposed by the civil law, but was also an offender against a criminal statute of the Commonwealth. The court was manifestly correct in conceding that the defendant's conduct resulting in the plaintiff's injuries was actionable negligence.

We do not agree with the learned judge of the court below that the testimony justified him in declaring the plaintiff guilty of negligence as a matter of law. In determining the question of the contributory negligence of the plaintiff, there are certain well settled principles which must be applied to the evidence submitted on the trial of the cause. On a motion to take off a nonsuit we held, speaking through Mr. Justice STERRETT, in Bucklin v. Davidson, 155 Pa. 362, 366: "We have repeatedly

held that, in testing the correctness of a refusal to take off a judgment of nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact which might have been found by the jury or drawn by them from the testimony before them; and it is immaterial that the evidence tending to sustain plaintiff's claim may be very slight, provided it amounts to more than a mere scintilla. If there is any evidence which alone would justify an inference of the disputed facts on which his right to recover depends, it must, according to the well settled rule, be submitted to the jury. It is their exclusive province to pass upon the credibility of the witnesses, weigh the evidence and ascertain the facts." It is no defense for one who injures another by his negligent act, that the injured party did not anticipate the wrongdoer would not observe ordinary care, the failure of which resulted in the accident. The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury: Brown v. Lynn, 31 Pa. 510. Reeves v. The Delaware, Lackawanna and Western Railroad Company, 30 Pa. 454, was an action against a railroad company to recover damages for killing the plaintiff's cattle. Mr. Justice WOODWARD speaking for the court says, inter alia, (p. 463): "From the course of observation in respect to the conduct of the plaintiff, the jury might well infer that he was bound to anticipate and provide against the high rate of speed with which the train approached the crossing. Nothing could be more erroneous. If that rate of speed was, under all circumstances, imprudent and unreasonable, the plaintiff was not only not bound to anticipate it, but he had no right to presume that the company would violate their rule of duty . . . . . . The question for the jury was, whether the plain-

tiff was guilty of negligence in these, the necessary and legal conditions of the case,—not whether he was guilty of negligence for failing to guard against illegal and unauthorized conduct of the defendants, such as the learned judge seemed to think might be fairly imputed to them." The same rule prevails in other jurisdictions. A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and the failure to anticipate the omission of such care does not render him negligent: Deputy v. Kimmel (W. Va.), 51 L. R. A. (N. S.) 989; Hennessey v. Taylor, 189 Mass. 583. Liebrecht v. Crandall, 110 Minn. 454, was an action to recover damages for injuries received by the plaintiff by being struck by an automobile as he stepped from a street car. In sustaining a verdict for plaintiff, the court said, inter alia: "While it is true that he did not, as he stepped from the car, look in the direction from which the automobile was approaching, following the car, this is not alone sufficient to charge him, as a matter of law, with contributory negligence. His attention at the moment was directed toward alighting from the car in safety, and he was not required to anticipate the negligence of the defendant in driving his automobile at a reckless rate of speed upon him." There is no imperative rule of law, says the court in Hennessey v. Taylor, 189 Mass. 583, which has been called to our attention generally requiring a pedestrian when lawfully using the public ways to be continuously looking or listening to ascertain if autocars are approaching, under the penalty that upon failing to do so, if he is injured, his negligence must be conclusively presumed.

The plaintiff testified that when the street car stopped at Red Raven he walked to the front platform, looked to see if anything was coming, saw an automobile one hundred or two hundred feet away and two men on the other side of the track, and stepped off the car and was struck by the automobile. One of plaintiff's witnesses

testified that the automobile was probably thirty feet away when the plaintiff stepped from the car, and was running at a rapid rate of speed. The learned court below held that this evidence, with the further testimony by the mortorman that he warned the plaintiff of the approaching automobile when he was about to step from the car, and that of the conductor who the court erroneously thought called to the plaintiff just as the latter was stepping from the car, was sufficient to convict the plaintiff of contributory negligence preventing a recovery in the action. A party may not step immediately in front of a rapidly moving automobile with notice that it is approaching no more than he can do so in front of a rapidly moving locomotive, and hold another for the consequence of his rash act. A man using a public highway or crossing a railway track must use reasonable care by the exercise of his senses to prevent his own injury, and if he fail to do so the consequences must fall upon him, although the negligent act of another caused his injuries. In the case in hand, the learned court not only failed to observe the reciprocal duties and rights of the parties at the place the accident occurred, but overlooked part of the material evidence in the case. When the car had stopped and the plaintiff was about to alight he saw the defendant's automobile approaching the car from the opposite direction at an estimated distance of one hundred to two hundred feet. The law which the defendant knew or must be presumed to have known prevented him passing the street car on the side on which the passengers were alighting until they had "gotten safely to the side of the road." The plaintiff also knew this to be the statutory duty of the defendant and could rely on its performance and descend the steps to the ground, which he did. He was there struck by the machine after he had taken one, two or three steps from the street car in the direction of the sidewalk. The defendant passed the car within possibly two feet and not more than six feet and conced-

edly was guilty of gross negligence, but wherein was the plaintiff negligent? This must be answered by determining his duty under the circumstances and what he did. He was required to exercise reasonable care in leaving the street car and proceeding across the street to the sidewalk, but he was not required to disregard other precautions for his safety and continue looking toward the direction from which the automobile was approaching, as it was from one hundred to two hundred feet distant when he saw it, and, therefore, had a right to rely upon the assumption that the driver of the machine would obey the command of the statute and not attempt to pass the street car while it was at rest. Acting upon that assumption under the circumstances is not an evidential fact of contributory negligence. The evidence shows that there was ample room on the opposite side of the street car for the automobile to pass, and where it could have passed without violating the statute. When the plaintiff saw the machine approaching as he was about to alight from the street car, he could assume that if it continued it would not do so in violation of the statute by passing the car on the side on which passengers were alighting, but would pass on the opposite side, which the driver clearly had the right to do. The plaintiff was alighting from the front platform, and at any time after he saw the machine, two hundred feet distant, until it was within ten feet of him, it could have changed its course and passed on the opposite side of the street car. Besides looking in the direction of the automobile, the plaintiff had other important duties to perform to protect himself from danger. While descending the steps he had necessarily to give his attention to them and to the place on the ground on which he was to alight. An equally imperative duty as he was leaving the car and moving across the street required the plaintiff to look to the rear of the car for approaching automobiles and other vehicles. Had he disregarded this duty and been struck by a horse-drawn vehicle and injured, his negligence

would have prevented a recovery. The evidence tends to show he was performing this duty when he was struck by the defendant's machine. He testified: "Q.—And you kept looking at it as you got off? A.—I looked to the rear of the car. I seen some men crossing the track there." Two passengers had crossed to the sidewalk before the plaintiff was struck by the machine. The plaintiff, therefore, did not knowingly step in front of a rapidly moving car, and did not see the car immediately before it struck him. He was at that time looking to the rear of the car, which was a part of his duty under the circumstances, to see that no vehicle was approaching from that direction. Of course, if he saw the machine approaching at a high rate of speed, he was not justified in stepping in front of it but, on the other hand, if he was looking in the opposite direction for an approaching vehicle as he was required to do, he could act on the assumption that the driver of the automobile would obey the law by stopping until the street car was again in motion, and he would not be negligent in proceeding across the street. This is clearly the effect of the authorities, and is manifestly supported by sound legal principles. The court is in error in saying in its opinion that the conductor called to the plaintiff as he was leaving the car. The conductor was on the rear platform and did not know of the approach of the automobile until it "dashed past." The learned judge says that the motorman warned the plaintiff of the approaching automobile, but he manifestly forgot that there was no evidence that the plaintiff heard the motorman, and he also overlooked the important fact that the plaintiff is deaf, and the probabilities, therefore, are that he did not hear the warning if it was given. It is apparent, we think, that the plaintiff's negligence could only be determined by the jury. Conceding that while he was on the platform, the plaintiff saw the automobile approaching at a distance of two hundred feet, was he justified in assuming as he stepped from the car that the driver would stop the ma-

chine or pass on the other side of the car, and permit him to cross the street to the sidewalk? Was the plaintiff looking in the direction from which the machine was coming at the time he was struck, or was he looking in the opposite direction to protect himself from a vehicle probably approaching from that direction? He is corroborated by other testimony when he says he saw two men across the street when he looked at the rear of the car, and that fact may have led him to believe that he could alight and cross the street in safety. In determining the question of the plaintiff's negligence, an important fact to be considered is that he was on a part of the highway where he had the right to be and was simply exercising that right when he was struck by the defendant's machine, when it was where the law declared it had no right to be, and the defendant in operating it at that place was violating a criminal law of the Commonwealth. If, as all the authorities hold, the plaintiff was not required to anticipate that the defendant would violate the statute but could rest on the presumption that he would obey its provisions and not attempt to pass the car on the side on which it was receiving and discharging passengers, the evidence submitted on the question of the plaintiff's contributory negligence was clearly for the jury and not for the court. What we have said is based on what the jury might have found from the evidence. They may find differently but it is clearly their province to pass on the negligence of the defendant and the contributory negligence of the plaintiff.

The judgment is reversed with a procedendo.