# Frankel v. Norris, Appellant.

*Negligence—Automobiles—Street cars—Alighting passengers—Act of April 27, 1909, P. L. 265, Sec. 14—Contributory negligence—Case for jury.*

1. The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred; if a wrong-doer has put into operation a force likely to injure others he is liable for its natural and proximate effects which may be immediate and direct or through the media of natural forces, or other innocent causes or conditions.

2. In an action against the operator of an automobile to recover damages for personal injuries, it appeared that an open or summer street car approached a street crossing and stopped to dis-

charge passengers, that plaintiff and another passenger alighted from the running board and started toward the sidewalk when defendant's automobile approached from the rear of the car and without stopping until all the passengers had reached the side of the road, as required by the Act of April 27, 1909, P. L. 265, Sec. 14, struck plaintiff's fellow passenger, who had alighted after the plaintiff, and threw him against the plaintiff, whereby the injuries complained of were occasioned. Defendant contended that the street car stopped beyond its regular stopping place and that he had no intention of passing the car if it stopped, and that plaintiff's fellow passenger was negligent in alighting in front of the approaching automobile and that his negligence was the proximate cause of the accident. *Held*, the case was for the jury and a verdict for the plaintiff was sustained.

Argued Oct. 18, 1915. Appeal, No. 194, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 276, on verdict for plaintiff, in case of H. M. Frankel v. J. T. Norris. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000.00 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, instructions to the jury, and the refusal of the court to direct a verdict for defendant.

*W. Clyde Grubbs,* for appellant.

*Joseph Stadtfeld,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1916:

This is an action of trespass to recover damages for injuries resulting from the negligent operation of an automobile.

The plaintiff was a passenger on an open summer

car on the eastbound track on Fifth avenue, Pittsburgh, of the Pittsburgh Railways Company which has a double track car line on that avenue. His destination was Craft avenue which intersects Fifth avenue obliquely. It appears by the plaintiff's evidence that immediately after the street car left Robinson street, the first street west of and parallel to Craft avenue, he gave a signal to the motorman to stop the car at the avenue for the purpose of discharging passengers. The car did stop and passengers, including the plaintiff and one McNamee, alighted. Several witnesses, including the motorman, testified that the car stopped at the regular stopping place on the west side of the avenue. The plaintiff says that as he was alighting he looked toward the city, and saw an automobile at a distance of 100 to 150 feet approaching the car from the west, that he then started diagonally eastward across Fifth avenue to the pavement on Craft avenue, and after taking four or five steps, was struck by a man thrown against him, fell forward, and was seriously injured. McNamee, as appears from the evidence, alighted near the rear end of the car, and after taking two or three steps and being within one step of the sidewalk, was struck on the left leg by the right-hand lamp of the defendant's automobile, and thrown four or five feet forward against the plaintiff who fell forward to the ground.

The plaintiff introduced evidence from which the jury could have found that the street car stopped at its regular stopping place immediately west of Craft avenue for receiving and discharging passengers, that it slacked its speed as it approached the avenue, that the automobile was a touring car and that it was traveling at "a pretty good gait," at "a good speed," or very fast, and that it gave no signal that it was approaching the street car.

The defendant admits that he was the owner of and was operating the automobile at the time of the accident and that it struck and hurled McNamee against

the plaintiff. He contended, however, and introduced evidence to show, that at the time of the accident his machine was traveling ten or twelve miles an hour, that believing the street car was not going to stop he threw on the power and started to pass, that when he was about ten feet in the rear of the car it stopped about fifteen feet beyond its ordinary stopping place, that he thereupon applied the brakes and stopped the automobile at a point in the street opposite the middle of the street car. The defendant testified that he had no intention of passing the car if it stopped. McNamee, called as a witness by the defendant, testified that he did not see the automobile approaching, that it made no noise, and that he did not look for it as "nothing attracted my attention to make me look for it." A witness for the defendant, who was in the automobile with him, testified that they were on the left side of Fifth avenue as they came eastward, that they crossed to the right side, and from that time they did not decrease their speed until the accident happened.

The negligence averred in the statement was running the automobile at a high and dangerous rate of speed without notice of its approach to the street car, and in passing it on the side on which passengers were being discharged before the car had started and before the plaintiff and other passengers alighting from the car had gotten safely to the side of the street. The defense was that the defendant was not negligent in operating his automobile, that the plaintiff by the exercise of reasonable care could have seen that the automobile intended to pass the car and hence was negligent in alighting, and that McNamee was guilty of negligence which was the proximate cause of the injuries inflicted by defendant's machine. The learned trial judge submitted the case to the jury, and there was a verdict for the plaintiff. A new trial was refused and judgment was entered on the verdict. The defendant has appealed.

There are several assignments of error, but the

learned counsel for appellant says in his printed argument they "raised only one point which is of importance in considering this case and that is this: What was the proximate cause of this accident?" He has confined his argument to this question, and our disposition of the case will be likewise limited.

The learned judge left to the jury to determine whether the plaintiff and defendant were guilty of negligence and whether the defendant's negligence in operating the automobile was the proximate cause of the plaintiff's injuries. The court said in its charge: "Taking all of the circumstances and the evidence in the case, did the defendant exercise the required care under the circumstances to prevent this accident? If he did not, then he is guilty of negligence, and your verdict should be for the plaintiff, or, if this car stopped at the regular stopping place, or in such proximity to that stopping place, that a reasonably prudent man ought not to have been misled, then he is guilty of negligence under this act of assembly which requires him to stop until the car had started, and until the passengers had reached a place of safety upon the side of the street." In submitting the question whether the defendant's act in passing the street car while it was at rest was the proximate cause of the accident, the court said, inter alia: "In order to recover, the act of negligence on the part of the defendant must have been the proximate cause of the accident, resulting in the injuries to the plaintiff. The injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case might, or ought to have been foreseen by the wrongdoer as likely to flow from his act."

The charge, as a whole, was quite as favorable to the defendant as he had a right to demand. Under these instructions, the verdict establishes that the street car stopped at the regular stopping place at Craft avenue, that the defendant was guilty of negligence in driving

his automobile past the car while it was at rest, that this negligent act was the proximate cause of the plaintiff's injuries, and that the plaintiff was free from contributory negligence. It is contended by the defendant that McNamee alighted in front of the automobile, and that "the question really was: Was the act of McNamee in placing himself in a position to be hit the proximate cause of the accident? If McNamee had not stepped in front of this automobile, and been hit, the plaintiff would not have been touched." This contention assumes the existence of material facts which are not in the case, and the jury have determined them adversely to the defendant. There was no dispute as to how McNamee alighted and where he was when the defendant's machine struck him. He and the plaintiff stepped from the running-board of the car about the same time and after the car had stopped. The plaintiff had taken four or five steps and McNamee two or three steps and required but another step to reach the sidewalk in safety, when the collision occurred. McNamee, therefore, did not step from the trolley car immediately in front of the automobile and thereby place himself in a position to be hit. When these two passengers alighted and proceeded to cross the avenue, the plaintiff's evidence shows that the automobile was about 150 feet distant, and the defendant admits that when the street car came to a stop he was ten feet in its rear. The plaintiff and McNamee were where they had a legal right to be and were struck by the defendant's machine when it was being operated where it had no legal right to be and in violation of an express provision of a statute of the Commonwealth. McNamee had the right to assume that the defendant would obey the command of the statute, and not pass the street car "until the car has started and any passengers who have alighted shall have gotten safely to the side of the road." The finding of the jury establishes the fact that when the car stopped the defendant was in its rear a sufficient distance to permit him to stop his machine before

he attempted to pass, and, therefore, McNamee did not place himself in a position to be struck by the machine except by the negligent act of the defendant in passing the car while it was at rest. The failure to look for the approaching automobile or to anticipate that the defendant would attempt to pass the car in violation of the statute was not sufficient, under the facts of the case, to charge McNamee, as a matter of law, with negligence: Reeves v. Delaware, Lackawanna & Western R. R. Co., 30 Pa. 454; Deputy v. Kimmell (W. Va.) 51 L. R. A. (N. S.) 989; Liebrecht v. Crandall, 110 Minn. 454. In the Reeves case, supra, (collision at a road crossing), Mr. Justice WOODWARD speaking for the court said (p. 461) : "What he (defendant's engineer) was bound to do the plaintiff had a right to presume would be done; and the measure of precaution taken or omitted by the plaintiff cannot be properly estimated without allowing him the full benefit of this presumption." In the Minnesota case, (Liebrecht v. Crandall, 110 Minn. 454), the plaintiff was struck by an automobile as he stepped from a street car, and in sustaining a judgment in his favor, the court said (p. 456) : "While it is true that he did not, as he stepped from the car, look in the direction from which the automobile was approaching, following the car, this is not alone sufficient to charge him, as a matter of law, with contributory negligence. His attention at the moment was directed toward alighting from the car in safety, and he was not required to anticipate the negligence of the defendant in driving his automobile at a reckless rate of speed upon him."

"The proximate cause of an event," it is said in 1 Shear. & Red. Neg. (6th Ed.) Sec. 26, "must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred......If he (the wrong-doer) has committed a breach of duty, wrongfully put into

operation a force likely to injure others, he is liable for its natural and proximate effects, which may be immediate and direct or through the media of natural forces or other innocent causes or conditions." The proximate cause of the plaintiff's injuries was manifestly the negligent act of the defendant in driving his machine past the street car after it had stopped. It was a breach of a statutory duty which naturally and proximately resulted in the plaintiff's injuries. There was no intervening cause which broke the connection between the defendant's negligent act and its resultant consequence. McNamee's act in alighting from the car and passing to the pavement, as already observed, was not culpable in any way, and it would not have caused the injury to the plaintiff if it had not been for the act of the defendant in driving his machine against him. There was a continuous and connected succession of events beginning with, and caused by, the negligent act of the defendant, unbroken by any new or independent cause, and ending with the plaintiff's injuries, which would not have occurred without the initial wrongful act of the defendant. That some of the persons who were alighting from the car would in some manner be injured by defendant's illegal act was readily to be anticipated and should have been foreseen by the defendant. To render his act the proximate cause of the plaintiff's injury, the law does not require that the defendant should have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred, if by the exercise of reasonable care he might have foreseen or anticipated that some injury might result from his negligent act: 29 Cyc. 495. A man of ordinary intelligence would have recognized the great danger to passengers alighting from the car and passing to the pavement in running his machine between the car and the curb. The fact that the intervening cause was a human being instead of an inanimate object does not, as the defendant contends, under the

facts of this case, make it a responsible cause which relieves him from liability. McNamee was not negligent, as pointed out above, in alighting from the car and in crossing the street to the pavement. He was simply an innocent instrument in the continuous succession of events, the first of which was the negligent act of the defendant, which resulted in the plaintiff's injuries. But if his conduct was culpable, the jury have found, under the court's instructions, that the defendant in the natural and ordinary course of events should have anticipated what happened, and, therefore, the defendant's negligence was an essential link in the chain of causation and the connection between the defendant's negligent act and the plaintiff's injury was not broken: 1 Shear. & Red. Neg. (6 Ed.) Sec. 32. The negligent act of the defendant must, therefore, be regarded as the proximate cause of the plaintiff's injuries.

Further discussion of the question involved in the case is unnecessary in view of the two very recent cases of Wallace v. Keystone Automobile Company, 239 Pa. 110, and Lewis v. Wood, 247 Pa. 545, which arose out of similar facts and present analogous questions for decision.

We have not considered or discussed the defendant's liability from the point of view of the well settled principle that where two causes combine to produce injuries, a wrong-doer is not relieved from liability because he is responsible for only one of them. The case was not tried below or argued here on that theory.

Judgment affirmed.