## Brown *v.* Chambers, Appellant.

*Negligence—Automobiles—Right angle collision between automobile and wagon.*

The rights of a horse drawn vehicle and an automobile, proceeding at right angles at the intersection of two streets, are reciprocal, and the first at the crossing has the primary right to proceed. Even though the driver of the wagon sees an automobile approaching, he is under no duty to anticipate that it will be negligently operated.

In an action to recover damages for personal injuries, sustained by the driver of a wagon as the result of a collision between his wagon and an automobile, a verdict and judgment will be sustained where it appears that the accident occurred at the intersection of two streets, that the wagon was first at the intersection, and that it was more than half way across when the automobile struck it.

Argued Oct. 18, 1916.   Appeal, No. 35, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia

Statement of Facts—Opinion of the Court. [65 Pa. Superior Ct.
Co., March T., 1915, No. 778, on verdict for plaintiff in case of John A. Brown v. William D. Chambers. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Henry A. Hoefler,* with him *George S. Russell,* for appellant, cited: Purcell v. Riebe, 227 Pa. 503; Robbolatto v. Philadelphia R. T. Co., 252 Pa. 470; Creed v. Penna. R. R. Co., 86 Pa. 139; Gould v. McKenna, 86 Pa. 297; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Presser v. Dougherty, 239 Pa. 312.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee, cited: McClung v. Taximeter Cab Co., 252 Pa. 478; Reichle v. P. R. T., 241 Pa. 1.

OPINION BY WILLIAMS, J., March 7, 1917:

This was an action of trespass for personal injuries resulting from a collision between two vehicles.

From the testimony on behalf of the plaintiff it appears that on February 8, 1915, about 2 p. m., he was driving eastwardly along Girard avenue in a one-horse wagon on the eastbound car tracks, and, as he arrived at Broad street, he looked and saw no automobiles. He could see about 150 feet in each direction. His horse proceeded at a walk until the wagon was just passing the "safety island" in the center of Broad street, about 35 feet from the curb line, when defendant's automobile,

proceeding southwardly on Broad street at the rate of eight miles an hour, swerved toward the east and ran into the left front wheel of the wagon. The wagon was not damaged, but the plaintiff, being thrown from it, was injured.

The testimony on behalf of defendant was that the plaintiff whipped up his horse as he left the curb line and tried to cut across in front of the defendant's machine, which, to escape running into the wagon, swerved to the eastward and after it had stopped, the wagon ran into the fender; that the plaintiff instead of being thrown from the wagon, jumped therefrom, and that there were several automobiles crossing Girard avenue when the accident occurred.

The testimony raised a disputed question of fact which the court below left to the jury under proper instructions. The court refused binding instructions and a motion for judgment n. o. v., and the assignments of error question these rulings. The jury rendered a verdict for the plaintiff for $500 and judgment was entered thereon.

Upon this condition of the record we must assume the truth of the testimony given on behalf of the plaintiff. The parties had equal rights and the first at the crossing had the primary right to proceed: McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478. This is so even if the plaintiff had seen the defendant's automobile approaching, providing it was not so near that a collision would naturally be expected to follow. The plaintiff was under no duty to anticipate the negligent act of the defendant: Welsh v. Philadelphia Rapid Transit Co., 63 Pa. Superior Ct. 143, 146; Lewis v. Wood, 247 Pa. 545. In the last cited case, MESTREZAT, J., says (550): "A person lawfully in the public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and the failure to anticipate the omission of such care does not render him negligent." In Frankel v. Norris, 252 Pa. 14, it was expressly held that a failure to

anticipate the negligent operation of an automobile was not contributory negligence.

Appellant thus states his second question involved: "Whether the rules, with respect to collisions between wagons and trains, are applicable to collisions between wagons and automobiles," and proceeds to argue that because the plaintiff had an unobstructed view, he must have seen defendant's automobile approaching; therefore, he should have waited until the automobile had passed before he attempted to cross; and, failing to do so, was guilty of contributory negligence. Appellant forgets that the rights of the parties are reciprocal, and assumes that, because he has an automobile, he has the greater right to use the public streets. This is a delusion under which many automobile drivers labor. The law, however, is different.

The judgment is affirmed.