# Fow v. Adams Express Company, Appellant.

*Negligence—Automobiles—Collision at street crossing.*

It is the duty of one approaching in an automobile the crossing of a street intersection, to have his vehicle under control, and to observe what is or may be approaching on the other street, and where another vehicle is first at the crossing to give it an opportunity to clear the same, and to use due care to avoid a collision.

A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and the failure to anticipate the omission of such care does not render him negligent.

In an action to recover damages for injuries resulting from a collision between an automobile and a truck at a street intersection, the case is for the jury where the evidence is conflicting as to the relative speed of the two vehicles, and as to the care which the drivers observed in approaching the crossing.

Argued Oct. 2, 1917. Appeal, No. 46, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., July T., 1916, No. 354, on verdict for plaintiff in case of Clarence B. Fow v. Adams Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before KNOWLES, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for $95.30. Defendant appealed.

*Error assigned* was in overruling motion for judgment n. o. v.

*William A. Schnader,* with him *John Lewis Evans* and *Thomas DeWitt Cuyler,* for appellant, cited: Gosling v. Gross, 66 Pa. Superior Ct. 304; McCartney v. Union

[68 Pa. Superior Ct.
Traction Co., 27 Pa. Superior Ct. 222; McCracken v.
Consolidated Traction Co., 201 Pa. 378; Myers v. B. &
O. R. R. Co., 150 Pa. 386; Bornscheuer v. Consolidated
Traction Co., 198 Pa. 332; March v. Consolidated Trac-
tion Co., 209 Pa. 46; Trout v. Altoona & Logan Val.
Elec. Ry. Co., 13 Pa. Superior Ct. 17; Warner v. Peo-
ple's Street Railway Co., 141 Pa. 615; Brown v. Con-
solidated Traction Co., 14 Pa. Superior Ct. 594.

*Albert W. Sanson,* for appellee, cited: McClung v.
Pennsylvania Taximeter Cab Co., 252 Pa. 478; Hoover
v. Reichard, 63 Pa. Superior Ct. 517; Brown v. Cham-
bers, 65 Pa. Superior Ct. 373; Frankel v. Norris, 252 Pa.
14; Simons v. Philadelphia & Reading Ry. Co., 254 Pa.
507; Rauch v. Smedley, 208 Pa. 175.

OPINION BY ORLADY, P. J., December 13, 1917:

The accident in this case occurred at the crossing of
12th and Arch streets, Philadelphia, when the plaintiff's
Ford automobile collided with a truck of the defendant
company. The plaintiff was proceeding west on Arch
street at a speed of about six miles an hour. The defend-
ant's truck was coming down Twelfth street at a much
greater speed, several witnesses stating it to be twenty
miles an hour. The testimony was conflicting and the
disputed facts were fairly left to the jury by the trial
judge to determine the cause of the collision, saying, "It
was the duty of the plaintiff to look for any approaching
vehicle as he neared the intersection of these two streets.
If he saw or should have seen an approaching automo-
bile, and such was his duty, he should not have ap-
proached the crossing in near proximity to the ap-
proaching automobile. The same duty existed on the
part of the Adams Express Company's driver." It is the
duty of one approaching the crossing of a street inter-
section to have his vehicle under control; and to ob-
serve what is or may be approaching on the other street.
And where another vehicle is first at the crossing, to give

it an opportunity to clear the same; and to use due care to avoid a collision: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478. The parties had equal rights, and the first at the crossing had the primary right to proceed. This is so even if the plaintiff had seen the defendant's automobile approaching, providing it was not so near that a collision would naturally be expected to follow. The plaintiff was under no duty to anticipate the negligent act of the defendant. A person lawfully in the public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury, and the failure to anticipate the omission of such care does not render him negligent: Brown v. Chambers, 65 Pa. Superior Ct. 373. Negligence must be determined by all the circumstances of the case, and this was purely a question of fact fairly submitted to the jury: Frankel v. Norris, 252 Pa. 14; Gosling v. Gross, 66 Pa. Superior Ct. 304.

After full consideration the court refused to enter judgment non obstante veredicto, in which conclusion we concur. See Tustin v. Hawes, 62 Pa. Superior Ct. 205; Hoover v. Reichard, 63 Pa. Superior Ct. 517.

The judgment is affirmed.