# Free *v.* White, Appellant.

*Negligence—Automobiles—Collision—Case for jury.*

In an action of trespass, to recover damages resulting from a collision of two automobiles at a street intersection, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the plaintiff, with due caution, approached the crossing and was struck by the defendant's machine driven at a high rate of speed.

Argued March 14, 1924.  Appeal, No. 11, March T., 1924, by defendant, from judgment of C. P. Dauphin Co., June T., 1922, No. 736, on verdict for plaintiff, in the case of Samuel M. Free v. Joseph K. White.  Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before FOX, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $916.80 and judgment thereon.  Defendant appealed.

*Errors assigned* was the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Charles L. Bailey, Jr.,* for appellant.

*Horace A. Segelbaum,* for appellee.

PER CURIAM, May 5, 1924:

Appellee has judgment on a verdict for damages resulting from a right-angle collision by two automobiles, one of which he was driving.  Appellant here presents a single complaint—that plaintiff's contributory negli-

gence should have been determined by the judge and not by the jury.

Wiconisco Street enters (without crossing) Front Street in Harrisburg. On a July afternoon, during a rain, plaintiff drove from Wiconisco Street into Front Street at "hardly two miles an hour"; he said, "I looked down Front Street and I looked up Front Street and at the same time I dropped out [i. e., entered Front Street] and saw nobody coming, and before I could get six feet, before my wheels turned down Front Street, I was hit with great force on the side right where I sat......" He also said he "continued looking after the first time." There was evidence that defendant's chauffeur approached "at an awful rate of speed." There was a difference in the evidence as to the extent of the view which plaintiff had down Front Street in the direction from which defendant's car came. In such circumstances, the duty of finding the fact was with the jury, for reasons frequently stated in the decisions, among them, Brown v. Chambers, 65 Pa. Superior Ct. 373, 375; Fow v. Express Co., 68 Pa. Superior Ct. 345, 346; Simon v. Lit Brothers, 264 Pa. 121; Weber v. Greenebaum, 270 Pa. 382; Black v. Mark, 273 Pa. 138.

Judgment affirmed.