## Flory v. Hayes.

*New trial—Damages—Inadequate verdict—Error in charge.*

1. A new trial will not be granted merely because a mathematical calculation discloses that a verdict may appear to be inadequate. The inadequacy must be such as to shock the conscience of the court before a new trial will be awarded. Bartholomew v. Longenbach, 20 Northamp. Co. Repr. 272, followed.

2. A new trial will not be granted, even where the charge of the court is inadequate, if the inadequacy in no way injured the complaining party.

Motion by plaintiff for new trial. C. P. Northampton Co., Nov. T., 1925, No. 25.

*Skillman & Smith,* for plaintiff; *Francis E. Walter,* for defendant.

STEWART, P. J., Jan. 31, 1927.—This is a motion for a new trial. Defendant was driving his automobile on the William Penn Highway in the night. He

Flory v. Hayes.

drove his automobile against a disabled truck which was standing on the highway and which the decedent was about to repair. The truck struck the decedent and caused injuries from which he died about two weeks later in a hospital. The jury found a verdict for the plaintiff for $2516.11, of which $516.11 were expenses of the plaintiff for medical and hospital services and funeral expenses. The decedent was, at the time of his death, twenty-eight years old, was in good health and was sober and industrious. His earnings were proved to be $40 a week. Plaintiff contends that this verdict was inadequate, and not in accord with the evidence. We have lately examined this subject in the case of Bartholomew v. Longenbach, 20 Northamp. Co. Repr. 272. In that case, the verdict was $500, and the funeral expenses were $269. After carefully considering a prior opinion (Laudenberger v. Easton Transit Co., 16 Northamp. Co. Repr. 242, 9 D. & C. 99) where we refused a new trial, we felt constrained to follow the late case of Hammaker v. Watts Township, 71 Pa. Superior Ct. 554, and awarded a new trial. We have again examined all the cases, and the result of that examination is that we feel that the present verdict ought to stand. The exercise of discretion in these cases does not depend upon fixed rules or mathematical calculations, and, unless the verdict is so inadequate that it shocks the conscience of the court, it should stand.

The other reason is that the charge of the court is inadequate. The question of the decedent's contributory negligence and the negligence of the defendant was submitted to the jury. Their verdict convicted the defendant and acquitted the decedent. That is all the plaintiff is entitled to have. Not a word of evidence was introduced to contradict plaintiff's testimony as to the earning capacity, habits, etc., of the decedent, and it is inconceivable how the plaintiff would have been bettered, even if the criticisms of her counsel, now expressed upon the charge, were well founded. The cases cited are not applicable. Brink v. City of Scranton, 85 Pa. Superior Ct. 342, was a motion for judgment n. o. v. by the defendant. The lower court refused the motion and was reversed, and the Supreme Court held that plaintiff was guilty of contributory negligence. The action was against a city for injuries from the failure to maintain a light at a dangerous point. In Esterly v. Troop, 29 Dist. R. 343, which was a motion by the defendant for judgment n. o. v., the facts were very similar to the present case. The court had submitted two questions, plaintiff's contributory negligence and defendant's negligence, to the jury, and the jury found for the plaintiff. The court refused defendant's motion. In Lewis v. Wood, 247 Pa. 545, plaintiff was non-suited for contributory negligence as a matter of law. The Supreme Court held that it should have been submitted to a jury. Frankel v. Norris, 252 Pa. 14, was a case where the lower court submitted the question of plaintiff's contributory negligence and defendant's negligence to the jury, and the Supreme Court said that was proper. Brown v. Chambers, 65 Pa. Superior Ct. 373, was also a case where the defendant moved for binding instructions, which were refused by the court, and the Supreme Court affirmed it. Holden v. Pennsylvania R. R. Co., 169 Pa. 1, was a case where the plaintiff had recovered a verdict for $10,000. The Supreme Court reversed the judgment without a *venire*. What was said on page 16 about failure of the court to point out to the jury the difference between interested and disinterested testimony had no bearing upon the decision. Applying what the Supreme Court there said to the present case would not help the plaintiff one bit, for the reason that she recovered a verdict.

And now, Jan. 31, 1927, motion for a rule to show cause why a new trial should not be granted is denied.          From Henry D. Maxwell, Easton, Pa.