## Picharella, Appellant, v. Ovens Transfer Company.

Argued March 6, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Ralph G. Mastriani,* with him *Joseph T. McDonald,* for appellant.

*James W. Scanlon,* with him *Mott Peck,* for appellee.

OPINION BY KELLER, P. J., April 12, 1939:

This appeal was heard in forma pauperis. It was taken from the entry of judgment for the defendant, non obstante veredicto in favor of the plaintiff, in an action of trespass.

The plaintiff was knocked down at two o'clock in the afternoon by defendant's truck while he was walking from a safety zone, established for street car and bus passengers, across the street to the sidewalk eighteen feet away.

Wyoming Avenue is one of the principal streets in the City of Scranton. It runs north and south and is sixty feet wide between curbs, and has a double-track street railway on it. It is intersected at right angles by Spruce Street, running east and west, which has a single-track railway on it. It is one of the busiest sections of the city. Spruce Street is forty-two feet wide from curb to curb, with sidewalks ten feet wide on each side. The First National Bank is located at the northwest corner of the intersection and the Hotel Jermyn at the southwest corner. There is a traffic light suspended from a pole at the southwest corner.

A safety zone four and a half feet wide and seventy-

five feet long, marked by white paint lines on the dark asphalt street paving, but not raised above the street or protected by a railing, is located west of the street railway tracks on Wyoming Avenue, just in front of the Hotel Jermyn. It begins forty-five feet south of the south curb line of Spruce Street, practically at the end of the curve where the street cars swing from Spruce Street into Wyoming Avenue.[1] The distance from the west edge of the safety zone to the sidewalk in front of the Hotel Jermyn is eighteen feet.

Plaintiff was a passenger on a bus which stopped forty or fifty feet from Spruce Street to let off and take on passengers. As he was alighting from the bus, he saw defendant's truck coming south on Wyoming Avenue at a very rapid speed a short distance—forty or fifty feet—away, but, nevertheless, started to walk across to the sidewalk of the Hotel Jermyn, and was knocked down and seriously injured by the truck when he was four or five feet away from the sidewalk. His only excuse for crossing in front of it was that he thought it would stop. At the trial, as is sometimes the case with overzealous litigants, he made out a case of such flagrant negligence against the defendant's driver that its reciprocal effect was to convict himself of contributory negligence. His counsel frankly admitted this on the trial, but asked permission to reopen the case and examine the plaintiff through an interpreter, contending that although the plaintiff had testified in English, in such a manner as to establish his contributory negligence, his own examination of him in the Italian language,—his native tongue—, had produced a different result. The learned trial judge obligingly allowed this to be done; but on the examination through the interpreter, the result was not greatly

---

[1] The First National Bank is, therefore, ninety-seven feet from the northern end of the safety zone and one hundred and seventy-two feet from the southern end.

different. He then said that two or three persons got *on* the bus, instead of three or four getting *off* ahead of him, as he had testified before, and that the truck when he first saw it, as he was alighting from the bus, was "near" the bank, but how "near" he did not say. Although the trial judge then suggested, "You had better have him tell the story of how he got hurt. He didn't tell us anything about that," he gave no further evidence, through the interpreter, on that branch of the case, leaving his former testimony stand as it was, except in the respects above noted. The terms, 'near', 'about' and such indefinite and relative words, can not be used as the equivalent of exact distances. They are too general and indefinite to justify the exact calculations, which his counsel now contends relieve him of the contributory negligence which his own evidence disclosed.

The case of *Lewis v. Wood,* 247 Pa. 545, 93 A. 605, relied on by appellant is not in point. In that case the plaintiff alighted from the street car into a roadway, where there was no safety zone, and was struck by defendant's car proceeding in disregard of section 14 of the Act of April 27, 1909, P. L. 265, pp. 269, 270, then in force, which provided: "When a motor vehicle meets or overtakes a street passenger-car which has stopped for the purpose of taking on or discharging passengers, the motor vehicle shall not pass said car, on the side on which passengers get on or off, until the car has started and any passengers who have alighted shall have gotten safely to the side of the road." The decision in that case, permitting a recovery, was based on the proposition that the plaintiff was not bound to anticipate that the defendant would violate the statute, but could rest on the presumption that he would obey its provisions and not attempt to pass the car on the side on which it was receiving and discharging passengers. The case is not applicable to passengers alighting at safety zones. Such zones are usually

established at very busy sections of a city. Their purpose is to furnish a place where passengers may safely board or alight from street cars and busses, remaining there until they can walk across without risk of harm, and at the same time not interfere with vehicular traffic moving on the rest of the street in obedience to traffic lights, semaphores, or traffic police direction. No passenger alighting at a safety zone has a right to rely on vehicular traffic, which is moving pursuant to traffic lights, stopping in order to let him walk across the street to the sidewalk. Such a practice would result in the congestion, to avoid which the traffic lights and safety zone were established. However, the defendant's negligence, for the purposes of this appeal, must be taken as proved.

The record shows that the trial judge was doubtful of the plaintiff's right to recover at the close of his case and refused defendant's motion for a non-suit only out of abundance of caution, saying that the matter could be raised by a point for binding instructions.

On full consideration of the evidence, he was of opinion that the plaintiff's own case showed contributory negligence which required the entry of judgment non obstante veredicto for the defendant. The court in banc agreed with him and so do we.

It is not necessary to discuss the other cases cited and relied on by appellant. None of them applies to a case, such as this one, where a passenger alighting at a safety zone at a very busy place and seeing a truck approaching at high speed a short distance away, attempts to cross the street, not at a street intersection, but from fifty to a hundred feet away from it, and directly in the path of the rapidly oncoming truck, and is struck when he has gone from ten to fourteen feet.

Judgment affirmed.