FRANK UNDHEJEM *v.* WILLIAM H. HASTINGS.

June 11, 1888.

Negligence—Duty of Pedestrians in Streets.—In an action for an injury caused by defendant's negligently driving his buggy against plaintiff in a public street, it not appearing that the street was much thronged with vehicles, *held*, that it was not negligence *per se* in plaintiff to go along in the street, for a lawful purpose, without looking behind him to see if vehicles might be approaching from that direction.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea, J.*, presiding, refusing a new trial.

*Chas. G. Van Wert* and *A. N. Merrick*, for appellant.

*Snyder & Jamison* and *Davis & Hidden*, for respondent.

GILFILLAN, C. J. Action for an injury caused by the defendant negligently driving his buggy against plaintiff. At the close of plaintiff's evidence, the court below dismissed the action, on the ground that plaintiff's own negligence contributed to bring about the injury. The plaintiff, carrying his dinner basket, and on his way to his home, entered a street car on Twentieth avenue north, in the city of Minneapolis. Finding he was on the wrong car, he immediately left it, while it was going rapidly, intending to take another car. In leaving it, he dropped some articles from his basket upon the ground, and at once went back, walking along the street-railway track, picking up the dropped articles, and without looking behind him, when the defendant, who was in his buggy, driving rapidly along the street towards him from the direction behind him, drove so that the buggy-wheel struck plaintiff's leg, and broke it. Plaintiff did not see the horse or buggy till he was struck, nor did he look in the direction from which it came, after he let go of the street car. The court below held that to go along the street picking up the articles he had dropped, without looking to see if any vehicle might be coming along the street behind him, was so clearly negligence that there was no question upon it for the jury to pass upon.

In this the court erred. It cannot be laid down as a rule that in all cases, without regard to the extent to which the street is us-

ually travelled, it is negligence for one on foot to cross it, or walk in it, without looking in each direction to see if a vehicle may be approaching. To do so upon a crowded city street, where vehicles, driven rapidly, pass each way every instant, and where the crowd of vehicles prevent the drivers seeing readily a person on foot in a part of the street other than the crossings, and where, consequently, danger is nearly always present, might be so patently negligent that a reasonable mind could come to but one conclusion; while it would be otherwise if the street were but little frequented. In the latter case it might or might not be negligent, depending on other circumstances; such, for instance, as the length of time spent in the street without looking around. Conduct that would be manifestly negligent in crossing or going along a railroad track, owing to the magnitude of the danger to be apprehended, and the difficulty of escaping it, might raise no imputation of negligence in crossing or travelling along a common country road. It does not appear that Twentieth avenue, at the place where the injury was sustained, was much travelled. The only evidence touching the point was that of plaintiff, that "there were no other teams or conveyances on the street," indicating that it was not thronged to such extent as to call necessarily for the conclusion that no prudent man would have gone along the street, as plaintiff did, (he being there for a lawful purpose,) without looking behind to see if vehicles might be approaching. The question of his negligence was, on the evidence, for the jury.

Order reversed.