GEORGE E. SLEE *vs.* CITY OF LAWRENCE.

Essex.   November 8, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Defective Highway — Due Care.*

A man sixty years old was walking with a companion along the sidewalk of a street in a city in the evening, and, there being a crowd in front of him, started with his companion to cross the street, though not at a regular crossing. As he stepped off the curbstone his foot caught on a pile of rails, which had been placed in the gutter next to the curbstone by a street railway company, and he fell over them and was injured.   He did not look to see if there was anything before him, and he did not see the rails until he fell.   The rails could not be seen easily, the branches of trees cutting off an electric light which hung not very far away.   *Held*, in an action against the city for his injury, that the question whether he was in the exercise of due care was properly left to the jury.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in Union Street in the defendant city.   Trial in

the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The accident happened on July 10, 1893. Union Street runs north and south across the Merrimac River, and Essex Street runs from Union Street at right angles, west. Both streets are paved and have sidewalks upon both sides, and are principal streets of Lawrence. A proper flagstone crossing level with the street is laid across Union Street in continuation of the north sidewalk of Essex Street. There is no street crossing over Union Street in continuation of the south sidewalk of Essex Street.

The Lowell, Lawrence, and Haverhill Electric Railway comes down Essex Street, and, turning into Union Street, runs south five or six feet from the curbstone of the east sidewalk of Union Street. There is an arc light, the post of which stands at the point where the curbstone of the north sidewalk of Essex Street meets the curbstone of the west sidewalk of Union Street. The light hangs diagonally from this post into the street. There is a row of maple trees on each side of Union Street, standing in the line of the curbstone.

During May and the early part of June, 1893, the railway corporation had been distributing along its routes in Methuen, Lawrence, Andover, and North Andover, new rails for rebuilding its tracks. These rails were about thirty feet long, eight inches high, and four inches wide. Four of these rails had been piled in the gutter next to the curbstone of the east sidewalk of Union Street, between and resting against the trunks of two of the trees counting from Essex Street, and from fifty to seventy-five feet south of that street.

The plaintiff, who was about sixty years of age, had been to South Lawrence, and at a little past ten o'clock in the evening came north by Union Street on the east sidewalk to the point where this pile of rails lay. There were some people upon the sidewalk, and he started to leave that sidewalk at a point from fifty to seventy-five feet south from Essex Street, and cross to the end of the south sidewalk on Essex Street, at an angle. On leaving the sidewalk, he stumbled over the pile of rails, and received the injuries complained of.

The plaintiff testified that he found the crowd on the east side of Union Street to be very great, and there did not seem

to be many over on the other side, and he proposed to a friend who was with him that they had better go across there, and he stepped on the street and off the curb, perhaps a step and a half, when he caught his foot on a pile of rails and fell over them; and that, as he recovered himself, he found that the obstacle which threw him over was the rails which the street railway company had placed there.

On cross-examination, he testified that he did not see the rails until he fell; that he did not see anything at all; that he put his left foot down first over the curb, and his right foot caught on the rails, that he did not think of looking, but was going across the road, thinking it was perfectly clear; and that he did not look at all to see what was before him, because he did not think there was anything.

It was in dispute whether the electric light shone upon the rails so that they were plainly visible, or whether it was dark at that point in consequence of the shade of the trees. The only witnesses present at the accident who testified on this point were the plaintiff and one Addison.

Addison, who was with the plaintiff when he fell, testified that the rails were not to be seen by a person walking along there, because it was too dark; that one could see nothing as he walked along; that the branches of the trees overshadowed the place; that he had difficulty in seeing the rails when he turned back to look at them, and had hard work to find them; and that he could not see his way, nor what he was stepping into.

There was no other evidence except what is above stated upon the question of the plaintiff's care.

At the close of all the evidence, the defendant asked the judge to rule that, upon this evidence, the plaintiff had not sustained the burden of proving that he was in the exercise of due care, and was not entitled to go to the jury. The judge refused so to rule; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. U. Bell*, for the defendant.

*C. A. De Courcy*, for the plaintiff.

ALLEN, J. The question of the plaintiff's due care was properly left for the jury to determine. He had a right to cross the

street at the place where he attempted to do so. Indeed, if he had kept on till he got to Essex Street, there was no crossing of flagstones even there on the south side of that street. There was evidence tending to show that the place where he tried to cross was dark, so that the rails could not easily be seen, the branches of trees cutting off the electric light which hung not very far away. There seems to have been nothing uncommon in what the plaintiff did. He was walking along on the side-walk with a companion, and, there being a crowd in front of him, they both set out to cross the street. It was for the jury to say whether he was in the exercise of due care. *Fuller* v. *Hyde Park, ante,* 51. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. *Smith* v. *Wildes,* 143 Mass. 556, 559.

*Exceptions overruled.*