## ELLA SHERWOOD v. CRESCENT CREAMERY COMPANY.[1]

July 2, 1915.

Nos. 19,356—(231).

**Personal injury — verdict reduced.**
The damages awarded in this case are excessive.

Action in the district court for Ramsey county to recover $5,000 for personal injury received from defendant's automobile while crossing a certain street. The case was tried before Hanft, J., and a jury which returned a verdict for $6,750. From an order denying its motion for a new trial, defendant appealed. Affirmed, provided plaintiff consents to a reduction of the verdict to $5,000.

*Barrows, Stewart & Ordway,* for appellant.
*Wickersham & Churchill,* for respondent.

BUNN, J.

Plaintiff, a young woman stenographer, and Alice Johnson a co-employee, on a Sunday afternoon in April, 1914, were walking north on the east side of Wabasha street in St. Paul where it crosses Tenth street. An automobile truck belonging to defendant was being driven by one of its servants in a northerly direction on Wabasha street; as the truck came to Tenth street a Ford automobile came from the west on Tenth street and attempted to cross Wabasha. The driver of the truck turned sharply to the right on the left or north side of Tenth street and ran into plaintiff and Miss Johnson, caus-

[1] Reported in 153 N. W. 525.

ing injuries for which plaintiff sought to recover in this action and Miss Johnson in the companion case of Johnson against this defendant, infra, page 533, 153 N. W. 525. There was a verdict of $6,750 for the plaintiff.

It is not claimed that the evidence does not justify the finding that defendant was negligent, or that there was any negligence on plaintiff's part. The principal contention on this appeal is that the damages are excessive. Plaintiff was earning $50 per month before the accident, and was a strong, healthy girl. She was in the hospital nearly a month, confined to her bed for three weeks afterward, and then went to the Pacific Coast for her health. She had not been able to resume her occupation as a stenographer at the time of the trial in January, 1915. Plaintiff, since the accident, has frequently recurring fainting spells, attacks that are called by her expert "Epileptoid" not true epilepsy, but resembling it, and by the experts for defendant "hysterical convulsions." That they are genuine and not feigned attacks is not doubted by defendant's experts. Plaintiff has not been able to go out alone, and has to be watched the entire time. She is pale and has lost weight. The causal connection between the accident and her condition at the time of the trial was proved. In short the evidence justifies a substantial verdict. But there is no organic trouble, and the evidence as to the probable duration of plaintiff's condition is that she will entirely recover. Her expert testifies that the prognosis would be fair, that the probabilities are that she will get over the attacks. As to when, the witness said that this would depend on her regaining her lost weight, and her general health, and that the end of this litigation would be an important factor. Defendant's experts agreed on this. We are unable to find any evidence that would warrant a finding that plaintiff's injuries are permanent, or that her condition, serious as it now is, will last for any length of time in the future. Under these circumstances we think that $5,000 is ample compensation and that the evidence will not sustain any verdict in excess of that sum.

The assignment of error as to misconduct of counsel has no merit in view of the affidavits explaining the act criticised.

If plaintiff, within 10 days after the remittitur goes down, files

her written consent to a reduction of the verdict to $5,000, the order appealed from is affirmed, otherwise the order is reversed and a new trial granted.