Dunkel v. Smith, 168 Wis. 257.

———————

DUNKEL, Appellant, vs. SMITH, Respondent.

*November 9—December 3, 1918.*

*Highways: Collision with automobile: Law of the road: Violation: Contributory negligence: Question for jury.*

Where plaintiff, riding southwesterly on a bicycle about four feet from the right-hand curb of a street, was injured in a collision with an automobile which, coming from the northwest on an intersecting avenue, had, in turning to the northeast, cut the corner and come unlawfully upon the left side of the street on which plaintiff was riding, the question of plaintiff's contributory negligence was for the jury, even though his view of the avenue was unobstructed and he knew that vehicles approaching thereon from the northwest had the right of way.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action to recover damages for injuries sustained in a collision with defendant's automobile on the morning of September 18, 1916, at the intersection of Mifflin street and Wisconsin avenue in the city of Madison. Plaintiff's evidence shows that Wisconsin avenue is ninety-five feet five inches wide between curbs and Mifflin street sixty-three feet between curbs at their intersection; that the sidewalk on Wisconsin avenue between the curb and the postoffice is twenty-eight feet eight inches wide and on Mifflin street it is twenty-two feet eight inches wide between the curb and the postoffice. Each sidewalk adjoins the postoffice building. Plaintiff was proceeding in a southwesterly direction on the right side of Mifflin street, about four or five feet from the curb, on his bicycle at a speed of about four miles

per hour just immediately prior to the collision. The defendant was driving up Wisconsin avenue in a southeasterly direction at or near the center thereof, and when he came to the end of the asphalt on Wisconsin avenue, a distance eighteen feet back or northwesterly from the intersection of the northwest curb line of Mifflin street and Wisconsin avenue, he turned to the left and came diagonally somewhat towards the right of the intersection of the northwest curb of Mifflin street and the northeast curb of Wisconsin avenue. The collision took place about four feet southeast of the northwest curb line of Mifflin street extended and about twenty feet southwest of the northeast curb line of Wisconsin avenue extended. The automobile was going at about fifteen miles an hour at the time of the collision.

At the conclusion of plaintiff's evidence the court, upon defendant's motion, entered a judgment of nonsuit, and the plaintiff appealed.

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Jones & Schubring* of Madison, and oral argument by *E. J. B. Schubring.*

VINJE, J. The trial court held plaintiff guilty of contributory negligence as a matter of law because he knew that vehicles coming up Wisconsin avenue had the right of way as against him, and because there was an unobstructed view of the avenue in time to see and avoid collisions with them. Its decision cannot be set aside unless clearly wrong. We think, however, that in this case the question of plaintiff's negligence was for the jury. Had defendant come on the side of the avenue and Mifflin street which the law required him to come and from which quarter the plaintiff was obliged to look for vehicles, a different question would have been presented. But plaintiff's evidence shows that in turning to the left onto Mifflin street defendant "cut the corner"

and came onto the left side of the street where he had no right to be; that he was within about four or five feet of the curb line extended when the accident occurred. This would make him over twenty-five feet beyond the center of Mifflin street and on the wrong side. Even if plaintiff saw defendant in the act of turning onto Mifflin street, as he testified he did, when he reached the curb of Wisconsin avenue, the jury might well say that he could not anticipate that defendant would violate the law of the road and come over on his side. We purposely forbear to discuss the situation further because there must be a new trial and the jury must pass on the question of plaintiff's negligence upon all the testimony adduced. This they should be permitted to do without any expression on our part as to whether he was or was not negligent.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.