### ELLA UNMACHT v. GEORGE G. WHITNEY.[1]

July 16, 1920.

No. 21,830.

**Collision between pedestrian and automobile — contributory negligence — verdict.**

1. In this, an action to recover for injuries suffered when plaintiff was struck by an automobile driven by defendant, it is *held* that plaintiff was not guilty of contributory negligence as a matter of law, that there were no errors in the instructions to the jury, and that the damages are not excessive.

**Driver's violation of statute — actionable negligence.**

2. The driver of a vehicle is required by statute to keep, at all times, to the right of the center of a street on which he may be driving. Failure to do so constitutes actionable negligence.

Action in the district court for Ramsey county to recover $25,000 for injuries received through alleged carelessness of defendant in driving his

[1] Reported in 178 N. W. 886.

automobile over a cross walk. The case was tried before Hanft, J., who when plaintiff rested denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Russell P. Fischer* and *C. D. O'Brien,* for appellant.

*Kerr & Richardson,* for respondent.

LEES, C.

Action to recover damages for personal injuries. Plaintiff was struck by an automobile driven by defendant. She had a verdict for $5,500. The alternative motion of defendant for judgment notwithstanding the verdict or for a new trial was denied and he appeals.

The accident occurred on March 26, 1919, about 10 o'clock of a dark murky evening, at the intersection of Summit and Fairview avenues in the city of St. Paul. The two avenues intersect at right angles, Summit running east and west, and at the place of the accident it is divided by parking extending along the center of the avenue, with a paved roadway on either side. The northerly roadway is used exclusively for west bound, and the southerly for east bound traffic. Plaintiff was on the east side of Fairview, walking north to her home. The westerly extremity of the parking is elliptical in form, where the two avenues intersect, so if the north line of the parking were extended to the east line of Fairview, the point of intersection of the two lines would be several feet beyond the curb around the parking.

Plaintiff testified that she was walking along the sidewalk across the parking, and when she reached the curb looked to her right and saw no vehicle on the north roadway. She then proceeded to cross, stepped from the curb to the pavement, took one or two steps, and was struck and knocked down by defendant's automobile and dragged about 25 feet to Fairview avenue, where she lay when picked up shortly after the accident. The automobile ran south about 60 feet before it was stopped near the center of Fairview. Plaintiff also testified that she was wholly unaware of its approach and did not know what had run her down, until she saw the automobile after it was stopped.

Defendant was driving west on Summit from his residence to a public garage south of Summit where he kept his car. He admitted that when he turned into Fairview avenue he ran within five or six feet of the curb around the west end of the parking. He testified that both headlights were lit, but that he did not see plaintiff and did not know he had run her down until he felt a jar on the side of the car, and, looking back, saw her lying in the street. Plaintiff testified that the lights on the car were lit when she saw it after the accident, but that she saw no lights before.

Plaintiff's injuries consisted of numerous bruises, a separation of the sacro-iliac joint and a nervous shock, which was the most serious consequence of the accident. At the time of the trial eight months later, she was hysterical and in an anaemic condition. She was a married woman 26 years of age, the mother of two children, and prior to the accident was in normal health.

Defendant's first contention is that plaintiff was guilty of contributory negligence as a matter of law; the second, that the court erred in instructions given to jury; and the third, that the damages awarded are excessive.

1. Principal reliance is placed upon the first contention. Under cross-examination, plaintiff testified that she could have seen any large unlighted object as far away as three-quarters of a block. This testimony is seized upon, as conclusively showing that she did not look to the right when she started to cross the north roadway. We do not so regard it. Her testimony as a whole shows that her estimates of time and distance were unreliable. For example, she testified that after she was run down she lay in the street and screamed for five or ten minutes before the automobile stopped, when, as a matter of fact, it ran not to exceed 85 feet after it struck her. The night was unusually dark and murky. The conditions were shown to be such that the jury might well conclude that she could not have seen an unlighted automobile silently approaching her when it was any considerable distance away. But, even if the lights on it were lit at the time of the accident, her contributory negligence was not made out as a matter of law. Defendant had no right to cut the corner as he turned from Summit into Fairview avenue. It was his duty at

all times to keep to the right of the center of Fairview when driving south. Section 2634, G. S. 1913. Instead of doing so he ran within five or six feet of the curbing on the east side of Fairview. Plaintiff had no reason to anticipate that an automobile would be at that place. At that particular place she was not bound to exercise the same degree of care for her own safety as at an ordinary street intersection. Counsel for plaintiff refer to the place of the accident as a safety zone for pedestrians, and, in a sense, we think that is what it was.

We hold that the question of contributory negligence was properly submitted to the jury and that there was sufficient evidence to sustain a verdict exonerating plaintiff from negligence. Undhejem v. Hastings, 38 Minn. 485, 38 N. W. 488; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Arseneau v. Sweet, 106 Minn. 257, 119 N. W. 46; George A. Hormel & Co. v. Minneapolis St. Ry. Co. 130 Minn. 469, 153 N. W. 867; Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668. See also Tuttle v. Briscoe Mnfg. Co. 190 Mich. 22, 155 N. W. 724; Dunkel v. Smith, 168 Wis. 257, 169 N. W. 567; Schnabel v. Kafer, 39 S. D. 70, 162 N. W. 935; Huddy, Automobiles, §§ 460, 473.

Defendant relies on Medcalf v. St. Paul City Ry. Co. 82 Minn. 18, 84 N. W. 633, and Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481. Both cases are clearly distinguishable from this. In the Medcalf case plaintiff, mounted on a bicycle, overtook and rode to the left of the street car and onto the track on which cars were run in the opposite direction and was struck by an approaching car. In the Provinsal case, plaintiff blindly walked into an approaching automobile. In each case the accident occurred in broad daylight, and there could be no question of plaintiff's negligence. Defendant also cites Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 79 N. W. 583, but that case is not at all in point.

2. The jury were instructed that a failure by defendant to comply with the statute requiring vehicles to keep to the right of street intersections would constitute negligence. It is urged that this was erroneous because the center lines of Fairview and Summit avenues do not coincide with the center lines of the former and of the northerly roadway of the latter. We do not stop to consider whether the instruction was a correct interpretation of the statute. Assuming that it was in-

correct, it was not prejudicial for the reason that defendant had no right to turn south before he had passed to the west or right of the center of Fairview avenue. On his own statement, it is clear that he was violating section 2634, G. S. 1913, at the time of the accident, and that would be negligence as a matter of law. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Hillstrom v. Mannheimer Bros. supra, page 202, 178 N. W. 881.

3. Plaintiff's testimony, corroborated by the testimony of three physicians, justified the jury in finding that her injuries were not trifling, but serious. It is urged that the disordered state of her nervous system will disappear as soon as this lawsuit is finally determined, and that her present condition is largely due to the effects of her imagination. She was under the observation of the jury and trial judge. They were in a better position than we are to determine whether such are the facts. We must decline to interfere with the verdict as one which is so excessive as to be attributable only to passion and prejudice. See Sherwood v. Crescent Creamery Co. 130 Minn. 263, 153 N. W. 525.

We conclude that the order appealed from must be and it hereby is affirmed.