HARRIET LOWE *vs.* CROUSE ANTONELLI.

Essex.　April 11, 1923. — May 24, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Due care of plaintiff, Motor vehicle, In use of highway. *Agency,* Scope of employment.

If, at the trial of an action for personal injuries suffered when the plaintiff was run into by an automobile on May 29, 1914, there was evidence tending to show that, having looked and listened for approaching vehicles, the plaintiff stepped from a sidewalk in a city at the intersection of two streets to cross diagonally to a walk beginning on a common at a corner which she sought to reach, and that, when she had proceeded about six feet from the sidewalk, she was struck by the motor vehicle which was rounding the corner in a manner prohibited by a city ordinance and too close to the sidewalk on the plaintiff's side, the questions of due care of the plaintiff and of negligence of the driver of the motor vehicle are for the jury.

Upon the issue, at the trial of an action for personal injuries alleged to have been received by reason of negligence of an employee of the defendant in the driving of an automobile, whether the acts of the driver were within the scope of his employment, the evidence of the plaintiff tended to show that at a previous trial the defendant had testified that the driver had worked for him two days before the accident and one day after, that he had paid a part of a fine imposed by a police court upon the driver by reason of unlawful driving that caused the plaintiff's injury, and that on the day after the accident he went with the driver to the house of the plaintiff and while there said that the automobile was not his, " It belonged to his brother but he employed the chauffeur." There was evidence introduced by the defendant and uncontradicted tending to show that the automobile was owned by the defendant's brother, that the driver, for two days only, had been at work for the defendant, who did not own an automobile, in unloading and hauling cement in a wagon, when, without leave and against the owner's refusal, he took the automobile of the defendant's brother, drove it to his own home and, while driving it later, caused the accident. There was no evidence that the automobile was ever used in furtherance of the business or pleasure of the defendant. *Held*, that, even if the entire evidence of the defendant was disbelieved, the trial judge should have ruled that there was no evidence warranting a finding that at the time of the accident the driver was acting within the scope of his employment.

TORT for personal injuries suffered when the plaintiff, while walking on a public way, was run into by a motor truck negligently driven by one Louis F. Page, alleged to have been an employee of the defendant acting within the scope of his employment. Writ dated June 22, 1914.

In the Superior Court, the action was tried before *Bell*, J. Material evidence and answers by the jury to special questions are described in the opinion. The defendant at the close of the evidence moved that a verdict be ordered in his favor. The motion was denied. The defendant then asked for the following rulings:

" 1. Upon all the evidence, the plaintiff is not entitled to recover.

" 2. There is no sufficient evidence which will justify the jury in finding that there was any negligence of any servant of the defendant.

" 3. There is no sufficient evidence which will justify the jury in finding that, at the time of the accident, the driver of the automobile was in the employ of the defendant.

" 4. There is no sufficient evidence which will justify the jury in finding that, at the time of the accident, the driver

of the automobile was engaged in any business of the defendant."

The rulings were refused. The jury found for the plaintiff in the sum of $800; and, after the death of the presiding judge, *Wait,* J., reported the case to this court for determination, judgment to be entered on the verdict if the trial judge correctly denied the defendant's motion and requests for rulings; otherwise, judgment to be entered for the defendant.

The case was submitted on briefs.

*J. P. Sweeney, I. W. Sargent & A. Sweeney,* for the defendant.

*J. P. S. Mahoney,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages caused, as the plaintiff alleges, by a servant of the defendant running down the plaintiff on Haverhill Street, a public highway in the city of Lawrence, on the twenty-ninth day of May, 1914. The case was tried in the Superior Court to a jury.

The material facts surrounding the accident are as follows: Haverhill Street runs east and west and Lawrence Street north and south. The High School is on the northwest corner and the Common on the southeast. The path across the common starts at the corner and runs diagonally. An ordinance of the city of Lawrence, dealing with the matter of travel in intersecting streets, reads as follows: " 5. A vehicle in turning to the left into another street shall pass to the right of and beyond the centre of the intersecting street before turning."

The plaintiff walking eastward came down Haverhill Street on her left hand until she came to the northwest corner of Haverhill and Lawrence streets at the High School, and then started to cross Lawrence Street diagonally to the path across the common. The evidence warranted a finding that the plaintiff both looked and listened as she stepped off the sidewalk to cross Lawrence Street and that she neither saw nor heard the automobile which struck her and knocked her down when she was about two yards from the sidewalk. Without resort to the statutory presumption this evidence of due care made an issue for the jury.

· The evidence in relation to the negligence of the driver of the colliding automobile, one Page, warranted a finding that it was driven from behind the plaintiff along the right hand side of Haverhill Street until it reached the corner of Haverhill and Lawrence streets; that it then turned to the left in a very sharp cut on to Lawrence Street and struck the plaintiff, while so turning, knocking her down; that it then turned to the right, crossed Lawrence Street, and stopped on the left side of Haverhill Street. The facts established show a violation of the quoted ordinance by the driver and harm to the plaintiff proximately resulting from such violation; and consequently presented an issue of fact for the jury.

The substantial question presented by the evidence is whether the driver was a servant of the defendant and acting for his master within the scope of his employment when the accident took place.

The jury could find that Page was in the general employment of the defendant when the accident occurred from the testimony of the plaintiff " that at the previous trial of this case the defendant testified that Page worked for him two days before the accident and one day after and that he paid part of Page's fine," and in arriving at its conclusion it might give force to the fact that on the day after the accident the defendant went with the driver of the automobile to the house of the plaintiff and while there said that the automobile was not his, " It belonged to his brother but he employed the chauffeur."

As to whether the " chauffeur " was engaged in the business of the defendant when the accident happened, the evidence is uncontradicted and in substance is as follows: The defendant was a mason and contractor; he never owned an automobile. In the latter part of May, 1914, he hired one Rogiero to haul cement from the Boston and Maine Railroad to a shed in the rear of 193 Elm Street. He told Rogiero to get a man to help him. The defendant never saw Page until after Rogiero got Louis Page (the driver) to help him. Page testified that he worked about two days unloading and hauling cement in a wagon just previous to

the accident; that on the day of the accident in the morning, he took without leave and against the owner's refusal of permission so to do a five passenger Buick automobile from the premises of the owner, a brother of the defendant, and drove it to his own house and later upon Haverhill Street until the moment of the accident. There was no evidence that Page ever had been in the employ of the defendant, other than on the days he was hired by Rogiero to work hauling cement for the defendant, nor was there any evidence that the automobile was ever used in furtherance of the business or pleasure of the defendant. The fact that the defendant gave bail for Page and paid his fine, has little if any evidentiary value in the determination of the scope of the employment of Page and in particular in determining whether Page was driving the automobile in the interest of the defendant when he ran down the plaintiff. We think the evidence was entirely insufficient to warrant a finding that the defendant owned the automobile, that as such owner he had authorized Page to use the automobile for his own pleasure or for the benefit of the defendant, or that Page before and when the accident happened was driving the automobile in the interest of the defendant or more directly in the performance of any work which fell to him to do within the scope of his employment. *Porcino* v. *DeStefano*, 243 Mass. 398, and cases cited.

We think the fourth request of the defendant, " There is no sufficient evidence which will justify the jury in finding that, at the time of the accident, the driver of the automobile was engaged in any business of the defendant," should have been given. If all the testimony introduced by the defendant were disbelieved by the jury, still, there would be no evidence that Page was driving the automobile in the interest of the defendant at the time of the accident.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*