BROWN, Respondent, vs. REDMOND, Appellant.

*April 8—May 12, 1925.*

*Automobiles: Collision with pedestrian at street intersection: Contributory negligence: General verdict: Instructions.*

1. In an action by a pedestrian to recover for injuries sustained in a collision with an automobile at a street intersection, where contributory negligence was pleaded and the case was submitted on a general verdict, an instruction that the jury were to determine the question of the contributory negligence of the plaintiff regardless of the effect their answer would have on the final result, was clearly misleading, and could not but leave an impression with the jury that they were at liberty to find in plaintiff's favor notwithstanding her contributory negligence.  p. 69.
2. Where defendant was driving slowly with his machine equipped with lights and coming toward the plaintiff, but failed to go around the center of a street intersection, the question as to plaintiff's contributory negligence was for the jury.  p. 70.

APPEAL from a judgment of the superior court of Douglas county: ARCHIBALD McKAY, Judge.  *Reversed.*

For the appellant there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Clarence J. Hartley.*

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford.*

DOERFLER, J.  The action is one for personal injuries. Robertson avenue is a north-and-south street in the city of Superior, and is intersected at right angles by what is known as West Fourth street, which continues east of Robertson avenue over a bridge which spans the Nemadji river.  The principal traffic coming from West Fourth street from the east of Robertson avenue turns south on the avenue and then east on West Fifth street, which is south of and parallel with West Fourth street.  On the avenue, between West

Fourth and West Fifth streets, are two street-car tracks, the one to the east of the center of the avenue being used for cars running north, and the other, west of the center, being used by cars running south. To the east of the avenue, between West Fourth and West Fifth streets, is located a park, which the plaintiff and a companion were proceeding to visit when the accident occurred. On arriving at the southwest corner of the intersection of West Fourth street and the avenue the plaintiff proceeded to cross the avenue at the crossing, and before leaving the west curb she made proper observations, and saw defendant's automobile, one hundred feet to the east, upon the bridge, and proceeding west on West Fourth street. When the plaintiff arrived at a point located at about the center of the avenue she looked toward the south for north-bound traffic and observed none. She then looked in the opposite direction and found defendant's automobile a distance of two feet from her. The collision occurred immediately thereafter and while the plaintiff had arrived upon the north-bound track.

According to the undisputed evidence, the defendant, instead of passing north of the center of the intersection in an effort to reach the east side of the avenue, passed to the south thereof; in other words, he made a short cut. As the result of the collision plaintiff sustained severe personal injuries. The case was submitted to the jury upon a general verdict, and the finding of the jury was in favor of the plaintiff.

Error is assigned by the defendant, based upon the following instructions of the court:

"It is alleged that the plaintiff failed to exercise ordinary care for her own safety at the time and place in question, which proximately contributed to her injury. . . . You are instructed that by the term 'ordinary care' as here used is meant that care which is ordinarily exercised by the great mass of mankind under the same or similar circumstances. In answering this question you will carefully scan and weigh and fully consider all the facts and circumstances in the case as they have been disclosed in the testimony. You will take

into consideration all the credible evidence in the case on both sides and upon such consideration of all the facts in the case, and all such credible evidence, and all the reasonable inferences to be drawn therefrom and without regard to the effect upon the ultimate result of the case, answer this question in accordance with the facts as you find them."

While either party had the right to request a special verdict, no such request was made. The court therefore submitted the case on a general verdict. For many years it has been the general practice to submit personal injury cases to a jury upon a special verdict, and the questions submitted are designed to establish certain issuable and crucial facts upon which, when the verdict is returned, the court orders judgment as a matter of law. The instructions given in the instant case clearly indicate that the trial judge had previously followed the usual practice. The jury were not instructed that if they found the plaintiff guilty of contributory negligence they must return a verdict in defendant's favor. The jury were told that they were to determine the question of contributory negligence of the plaintiff regardless of the effect the answer would have upon the final results of the case. This instruction was clearly misleading and could not but leave an impression with the jury that they were at liberty to find in plaintiff's favor notwithstanding their conclusion that the plaintiff was guilty of contributory negligence. Of course, we realize that what the court referred to was the final disposition by the court after the rendition of the verdict. Not only did the force of habit manifest itself with the court in its instructions, but the same influence contemporaneously operated in the minds of the learned counsel, who now candidly confess that they did not detect the error until after the rendition of the verdict. Due and timely exceptions, however, were taken and filed to the instructions of the court.

But it is argued by plaintiff's counsel that the plaintiff was entitled to judgment as a matter of law, regardless of any error committed by the court in its instructions; that it appears that the plaintiff was free from contributory negli-

gence as a matter of law; that when she made her observations when leaving the west curb of the avenue, she was fully justified in proceeding on her course over the crossing, defendant's automobile at that time being fully one hundred feet distant; that, having passed the center of the avenue, she could rely upon defendant's automobile pursuing a course in accordance with the requirements of the statutes, which would have taken him north of the intersection and which would have avoided any collision; that she was bound then merely to observe the traffic coming from the south, and that she carefully made her observations, and that the injury was solely due to the negligence of the defendant in attempting to make a short cut. However, it appears that the principal traffic coming across the bridge from the east turns south on Robertson avenue; that while making the crossing plaintiff was facing the east, or the direction from which the automobile was coming; that the automobile was equipped with proper lights; that a short cut as made by the defendant would have a tendency to throw the lights of his machine in the direction of the plaintiff. It is also undisputed that immediately prior to the collision the automobile was going at an extremely moderate rate of speed, which was established beyond controversy by the fact that it stopped almost simultaneously with the happening of the collision. Under these circumstances it cannot be said that the plaintiff was free from negligence as a matter of law, but on the contrary it presented a proper issue to be submitted to the jury. A situation somewhat similar to that which appears in the instant case is presented in *Dunkel v. Smith*, 168 Wis. 257, 169 N. W. 567, in which the lower court held the plaintiff guilty of contributory negligence as a matter of law, but upon appeal this court held that a proper issue was raised for a jury to determine.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions for a new trial.