## MARTHA HOPPE v. ARTHUR E. PETERSON AND OTHERS.[1]

February 28, 1936.

No. 30,741.

*Robb & Rich,* for appellants.
*Harold A. Wright* and *Sonnesyn & Kelly,* for respondent.

STONE, JUSTICE.

In this action for wrongful death plaintiff had a verdict. Defendants appeal from the order denying their motion for judgment notwithstanding or a new trial.

The decedent, Bernard Hoppe, was fatally injured, either because he walked into a truck driven by defendant Leslie Anderson while

[1]Reported in 265 N. W. 338.

in the employ of his codefendants, or because the truck ran against him, on the evening of March 31, 1934. The accident occurred about 10:30 p. m. on East Franklin avenue in Minneapolis. Fourteenth avenue joins East Franklin avenue from the south and, after a right-angled offset, leaves it, proceeding northerly, about 125 feet to the west. The deceased probably had left the curb on the south side of Franklin at or just west of the building line. One witness says that he was "jay-walking" across in a northwesterly direction. The accident occurred on or nearly on the north rail of the westbound streetcar track. The truck was going west at a speed which no one claims was in excess of 25 miles an hour.

■ The irrepressible questions of negligence and contributory negligence are presented. Relying upon Provinsal v. Peterson, 141 Minn. 122, 124, 169 N. W. 481, the argument for defendants is that decedent "walked into the car and got hurt, and that is all there is to the situation." Three witnesses for the defense, coming in an automobile, 100 feet or more west of the scene of the accident, so testified that it might be difficult, were there no other evidence, to escape the conclusion that Hoppe's negligence at least contributed to, if it was not the sole cause of, the collision. The traffic was heavy. One of defendants' important witnesses referred to "a continuous string of cars" of which his was one, and admitted that a car "just in front" of him "somewhat obstructed" his view. If his view was dimmed, so also was that of the other two witnesses who were his passengers.

For plaintiff testified a Mrs. Bergstrom. In argument, her version of the accident is much attacked as incredible. She was standing on the south sidewalk of Franklin near the curb. In front of her, she said, she had observed Hoppe standing still when the truck, suddenly swerving to its left, ran into him. The suggestion is that the chauffeur was attempting to pass another car. Anyway, there stands the testimony, apparently believed by the jury, that a pedestrian in heavy traffic was standing still when defendants' truck, proceeding on a course which if continued would not have harmed him, suddenly turned toward the victim and struck him down.

We are mindful of evidence, both testimonial and photographic, upon which it is argued that the decedent must have blindly walked into the truck, and that his first impact therewith was when he was struck by the handle of the left door of the truck's cab. On the factual problem that argument is persuasive but, after verdict, not controlling. It is too possible that, struck first by the left front fender, Mr. Hoppe was thrown upward and backward against the side of the car in such fashion that in passing to the rear of it his body tore off the door handle. Mrs. Bergstrom's testimony, if it remains for consideration, reasonably sustains the verdict both as to negligence and contributory negligence. That testimony is not put beyond consideration by any opposing demonstration of established fact.

A pedestrian, even when "jay-walking," is not an. outlaw on a street. Motorists remain under the duty of care to avoid injuring him. As a practical matter, his best course sometimes, if caught in traffic, is to stand still and wait for an avenue of escape. The evidence for plaintiff, aided by the presumption that the deceased was exercising due care (compare Jasinuk v. Lombard, 189 Minn. 594, 250 N. W. 568), well supports the inference that Mr. Hoppe may have stopped because he saw the truck approaching and was awaiting its passage in front of him. (There is no claim that its headlights were not burning and in proper condition.) With that inference so obviously reasonable, it is not for a mere reviewer such as we are to say that either the sudden turning of the truck was not negligence or that the deceased was contributorily negligent in not doing something more to avoid the fatal result. Defendants' truck was not the only source of danger at the moment.

■ The verdict was for $7,500. It is challenged as so excessive as to indicate passion and prejudice. The supporting argument is that Mr. Hoppe had been long out of regular employment and that he and his family had been the recipients of much public relief. In short, it comes to nothing more than the claim that, because the depression had temporarily lessened his ability to earn, the damages for Mr. Hoppe's death should be proportionately decreased.

For that argument on appeal we have nothing but disapproval. Mr. Hoppe was nearly 48 years old. His surviving dependents are his wife and three children aged 10, 12, and 14 years. We cannot assume that the father would not soon have been restored to the normal earning power of a man of his years and ability. The pecuniary loss of his dependents is not to be measured by estimating merely the number of dollars that his death has prevented their getting. To be included also are the imponderable elements of loss which arise because both wife and children have been deprived of the counsel, guidance, and constant, day-by-day aid which the normal father gives to such a family.

Affirmed.