## PAUL J. REIER v. WILLIS P. HART.[1]

February 4, 1938.

No. 31,603.

*Neumeier & Torinus,* for appellant.
*Freeman & King,* for respondent.

PETERSON, JUSTICE.

On November 19, 1936, about six o'clock a. m., plaintiff was walking on the west sidewalk of South Second street in Stillwater, in a southerly direction toward the intersection of that street with East Chestnut street, which runs east and west. When plaintiff was seven or eight feet from the northerly curb line of East Chestnut street, he looked to his right and saw defendant's automobile approaching on East Chestnut street, about 40 feet away, traveling about 25 miles an hour on the right (south) side of East Chestnut, headed directly east "toward the river." Plaintiff looked to the east of the

[1]Reported in 277 N. W. 405.

intersection and saw no cars approaching on East Chestnut; he looked behind him to the north on South Second street and saw no cars approaching on that street. He then stepped from the sidewalk into the street and headed diagonally across the intersection toward the southeast corner. When he had taken three steps and was about nine feet from the northwest curb corner of the intersection, he again looked to the right and saw defendant's car, which had turned left from East Chestnut street, some two or three feet from him. Plaintiff jumped backward, but the fender of the car caught him and knocked him down. He was severely injured. Defendant's main dispute to these facts is that he was traveling only about 15 miles an hour as he approached the intersection, and that when he turned the corner to go north on South Second street and struck plaintiff the car was 15 feet from the northwest corner of the intersection. Plaintiff did not hear any horn. Defendant does not remember whether he sounded his horn or not. The distance diagonally between the northwest and southeast corners of the intersection is 60 feet. It was quite dark and misty at the time of the accident. Defendant's lights were on.

After verdict in favor of plaintiff, defendant's motion for judgment notwithstanding was granted. Plaintiff appeals. Two issues are presented, defendant's negligence and plaintiff's contributory negligence.

■ There was evidence to sustain a finding of negligence on the part of defendant. The evidence shows that plaintiff was visible for over half a block, which was considerably farther than the distance between him and defendant's automobile when it came up to the intersection; that defendant turned, from a direct line east, northeasterly to go north on Second street without first seeing that he would make the movement in safety and without giving a "clearly audible signal" to warn plaintiff, then a pedestrian on the street affected by the movement, as required by the statute in such a case (1 Mason Minn. St. 1927, § 2720-17) ; and that instead of keeping as near as practicable to the center of the intersection defendant made a sharp left turn by cutting the corner over toward the northwest corner of the intersection, in violation of 1 Mason Minn. St.

1927, § 2720-16. Thus there was a showing of negligent failure on the part of defendant to observe the duty of exercising reasonable care to avoid hitting plaintiff with his automobile, to keep a reasonable lookout, to ascertain that the turn could be safely made, and to give reasonable warning of his approach, all as required by our statutes. Clearly, the question of defendant's negligence was for the jury. Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Hoppe v. Peterson, 196 Minn. 538, 265 N. W. 338.

■ Plaintiff was not guilty of contributory negligence as a matter of law. Plaintiff was bound to exercise ordinary care for his own safety. A pedestrian about to cross a street must use the care of a prudent man, but the law does not undertake to further define this standard. The question in each particular case is whether or not the plaintiff, considering all the facts and circumstances, exercised due care. In this connection it is important to bear in mind that the plaintiff was where he had a right to be, Saunders v. Yellow Cab Corp. *supra;* note, 14 A. L. R. 1176; and that defendant was not only where he had no right to be at the time but where plaintiff had a right to believe that he would not be. The evidence in the case tends to show that when plaintiff approached the curb he observed defendant going in a straight easterly direction on the south side of Chestnut street without giving any indication that he was about to make the turn. Plaintiff looked in other directions to ascertain whether it appeared to be safe to start across the street, and the evidence shows that it did appear at the time that it would be safe for him to do so. It was defendant's making a sudden left turn and taking a short cut across the intersection in violation of the statute and failure to warn plaintiff that made plaintiff's crossing the intersection dangerous. Plaintiff was not bound to anticipate the negligence of automobile drivers. Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Heflin v. Swenson, 181 Minn. 277, 232 N. W. 265. He had a right to assume that others would exercise ordinary care and observe the law. Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198; Heflin v. Swenson, *supra*. The question of plaintiff's contributory negligence was therefore for the

jury. Bolstad v. Armour & Co. and Heflin v. Swenson, *supra;* Hoppe v. Peterson, 196 Minn. 538, 265 N. W. 338; Saunders v. Yellow Cab Corp. *supra;* Meyers v. Swanson, 163 Minn. 508, 203 N. W. 624; Lowe v. Antonelli, 245 Mass. 237, 139 N. E. 818.

The court below granted judgment notwithstanding the verdict because plaintiff failed to look a *second* time to the right at the time he left the curb and held this to be contributory negligence as a matter of law. In this the court erred. The law has not fixed any hard and fast standard defining the duties of pedestrians crossing streets. Negligence of a pedestrian is not determined by the number of times he looked. The law does not say how often he must look or when or from where. If observation is made before entering the street, failure to look the second time while crossing the street is not necessarily contributory negligence as a matter of law. Plante v. Pulaski, 186 Minn. 280, 243 N. W. 64; Bauman v. Black & White Town Taxis Co. (C. C. A.) 263 F. 554; Crooks v. Doeg, 4 Cal. App. (2d) 21, 40 P. (2d) 590; Wilder v. Cadle, 227 Ky. 486, 13 S. W. (2d) 497; O'Neill v. Ewert, 189 App. Div. 221, 178 N. Y. S. 506; Kupperberg v. American Druggists Syndicate, Inc. 212 App. Div. 311, 208 N. Y. S. 629; Aiken v. Metcalf, 90 Vt. 196, 97 A. 669; Redick v. Peterson, 99 Wash. 368, 169 P. 804; Salsich v. Bunn, 205 Wis. 524, 238 N. W. 394, 79 A. L. R. 1069; 5 Am. Jur. pp. 759-761, §§ 451, 452; notes, 14 A. L. R. 1176, 79 A. L. R. 1073. For horse and vehicle cases applying this principle, see Undhejem v. Hastings, 38 Minn. 485, 38 N. W. 488; Seabut v. Ward Baking Co. 231 Mass. 339, 121 N. E. 23; Knapp v. Barrett, 216 N. Y. 226, 110 N. E. 428. A pedestrian is not required to look continuously in any particular direction. Meyers v. Swanson and Rimmer v. Cohen, *supra.*

It was for the jury to say whether under all the circumstances plaintiff was guilty of contributory negligence. It was error for the court below to hold that plaintiff was guilty of contributory negligence as a matter of law.

The order granting judgment notwithstanding the verdict is reversed.